# CRAWFORD v. THE BRANCH BANK AT DECATUR.

1. Where a bill drawn in this State is payable abroad, if dishonored either by non-acceptance or non-payment, the drawer is liable to pay interest according to the laws of this State

2. A judgment in a summary proceeding at the suit of a bank against the drawer of a bill of exchange, is sufficiently certain, which states that the bill was presented for payment at "maturity," without specifying the day.

3. The notarial fees attending the protest of a bill of exchange, are chargeable upon the drawer; but to authorize a judgment for these fees where a bill is payable and protested abroad, the legal charge for this service should be proved.

4. Where a judgment by default is rendered against the drawer of a bill of exchange payable in another State, which includes the charge of protest, without any proof of what the law authorizes therefor, the judgment is not reversible, but will be amended as for a clerical misprision under the act of 1824, by excluding the notarial fees.

WRIT of error to the County Court of Morgan.

This was a summary proceeding by notice and motion under the statute at the suit of the defendant in error against the plaintiff. A judgment by default was rendered in favor of the plain-

tiff. The entry recites, that a judgment was moved for against the defendant as the drawer of a bill of exchange, for the sum of five thousand dollars, drawn on Sandidge & Dickerson at Mobile, dated at St. Stephens the 20th of May, 1840, payable eight months after date, to the order of P. T. Harris, at the Citizens' Bank of Louisiana, in New-Orleans, indorsed by the payee to James Magoffin, and by the latter to the plaintiff. *Further*, it is stated, that at its maturity, the bill was presented for payment at the place designated on its face, which being refused, the same was protested, and due notice thereof given to the defendant. It is also alleged that the plaintiff produced and showed to the court the certificate of the President of the Branch Bank, that the debt in question is really and *bona fide* its property. Then follows a recital of the fact, that thirty days notice of the motion had been given to the defendant—his default, with a judgment for the amount of the bill, with interest and damages, together with "the sum of seven dollars, the protesting fee, also the costs of the motion."

Mr CRAWFORD, *pro. se.* submitted an argument in writing, in which he made the following points:

1. Interest should have been calculated on the bill according to the laws of Louisiana, where it was payable, and the amount ascertained by the verdict of a jury. To sustain this conclusion, he cited the written argument which he filed at the last term, in Crawford v. The State Bank.

2. The judgment entry should have stated the precise day on which the bill was presented at the Citizens' Bank of Louisiana for payment; the time of its "maturity" is a legal question, and cannot be concluded without stating the precise day.

3. It was not shown what fee the notary public was entitled to, for protesting the bill, and the court could not, without proof, have assumed that seven dollars was a proper charge, or that the plaintiff had paid any thing. [Clay's Dig. 325, § 70.]

To sustain the second point, he cited Logwood v. the Huntsville Bank, [Minor's Rep. 23;] Bates v. The P. and M. Bank, [8 Porter's Rep. 101.]

J. A. Noor, for the defendant.—As to the first point, he relied upon Crawford v. The State Bank at this term. On the the se-

cond, he cited Taylor v. Branch, [1 Stew't & P. Rep. 249;] Bates v. P. & M. Bank, [8 Porter's Rep. 99;] and insisted that the third, if well taken, showed a mere clerical misprision, amendable at the costs of the plaintiffs in error, under the act of 1824.

COLLIER, C. J.—1. The case of Crawford v. The State Bank at this term, decided that where one draws a bill in Alabama, addressed to a drawee in the District of Columbia, requesting him to pay it there, if the drawer is sued either upon the non-acceptance or non-payment of the drawee, he will be liable to pay interest according to the laws of this State; for as to him, this is the *lex loci contractus*. That case is directly in point, and shows that the defendant was chargeable with the rate of interest prescribed in this State; to ascertain the aggregate amount of which, the clerk of the county court was competent. [See Clay's Dig. 325, § 70.]

2. To sustain the second objection made by the plaintiff in error to the judgment of the county court, the case of Logwood and others v. The Huntsville Bank, [Minor's Rep. 23,] has been cited. There, the judgment entry recited, that the defendants had "been duly noticed of this motion," &c., while the charter of the Bank required that ten days notice should be given: *Further*, it did not state that the certificate of the President of the Bank was produced in court as required by law. The court held that, "in proceedings, according to the course of the common law, many defects in the record, will after judgment, be cured by the doctrine of intendment. But wherever a summary remedy is given by statute, those who wish to avail themselves of it, must be confined strictly to its provisions, and shall take nothing by intendment. The supervising court cannot infer that notice as required by law, has been given, unless it so appears in the record. Not to require this, would be to surrender to the court below, the power of judging without appeal, of all the proceedings had before it." In Bates v. The Planters' and Merchants' Bank, [8 Porter's Rep. 99,] this court recognizes the case cited as authoritative, for the reason that the ten days notice, and the production of the certificate as required by the charter, are indispensable to the exercise of the summary jurisdiction which it confers. But it never has been considered necessary in such cases, that in respect to other recitals or statements, the judgment entry

should be drawn with greater certainty and particularity than a declaration founded on the same cause of action. It cannot be pretended that the objection we are considering, in any manner affects the summary jurisdiction of the county court, and we will therefore inquire, if an allegation in a declaration, that the bill was presented at maturity, without stating the precise day, would be good.

In Bynner v. Russell, [1 Bing. Rep. 23,] the declaration, after alleging a delivery of the bill to the plaintiff, proceeded thus, "afterwards, and when the said bill of exchange became due and payable, according to the tenor and effect, to wit, on the 31st day of March, in the year 1822, to wit, at London, &c. the said bill of exchange was in due manner, and according to the usage and custom of merchants, presented and shown" for payment. The defendant demurred specially, because the 31st of March, mentioned in the declaration, was a Sunday, and the bill should have been presented on the preceding day. But the court held, that the day was immaterial, being specified under a scilicet, and in an averment that the bill was presented when it became due and payable. [See, also, Chitty on Bills, 590, 9 Am. ed. and note h; 1 Saund. on P: & Ev. 264.]

In Brown & Son v. Hall, [2 A. K. Marsh. Rep. 599,] the declaration alleged, that the bill was duly presented to the drawees for payment, "to wit, on the 15th of December, 1817, at, &c. A judgment by default was rendered, and the cause removed to the court of appeals, where it was said, that after such a judgment, the material and traversable allegations of the declarations must be taken to be true, but the days alleged, when the bill was presented, and the notice of protest given, are not of the latter character. Further, had the defendants pleaded, under the averment, that the bill was duly presented, it would have been competent for the plaintiffs to show that notice of the protest was given in due time, although this might be on a day different from that alleged. So, where the declaration alleged, that "when the bill became due and payable, according to the tenor and effect thereof, to wit, on the 27th December," &c. "it was presented for payment, &c." The court held, that as it was averred that the bill was presented when it became due and payable, according to its tenor and effect, and the date of the presentment was stated under a scilicet, it was allowable to show a presentation on the 26th

of March, which was the third day of grace. [Jackson's Adm'x
v. Henderson, &c. 3 Leigh's R. 196.] This latter case cites with
approbation, Bynner v. Russell, *ut supra.* In fact, all the cita-
tions made on this point, consider it *quite sufficient* to allege a
due presentment in general terms, without particularizing a day.
The statement in the present case, that the bill was presented *at
maturity,* is quite as precise, and in fact equivalent to the terms
*duly presented,* or *according to its tenor and effect.* [See, also,
Crawford v. Camfield at this term; Taylor v. Branch, 1 Stew-
art & P. Rep. 249.] This being the case, it follows that the
generality of the recital in the judgment does not affect its regu-
larity.

3. That the notarial fees attending the protest of a bill of ex-
change, are a just charge upon the drawer, is indisputable. [Chit-
ty on Bills, 666, a. and note (1) 9th Am. ed.] The objection in
the present case is not, that the defendant below was not char-
geable with this expense, but that it was assumed to be a specific
sum without proof. To have authorized the judgment in this
respect, there should have been evidence to show what fees were
allowable for such service, by the law of Louisiana; this being
shown, the presumption would arise upon the production of the
protest, that the holder of the bill had paid the expence. But
the inclusion of this fee in the judgment, is not an error which
authorises its reversal. The act of 1824, declares that "no cause
shall be reversed by the supreme court or any circuit court, for
any miscalculation of interest, or other clerical misprision in en-
tering judgment, so as to give costs to the plaintiff in error; but
in all such cases, the supreme court may order the judgment to
be amended at the costs of the plaintiff in error." [Clay's Dig.
322, § 54.] This objection is nothing more than a clerical mis-
prision in entering a judgment which the court had ordered to be
rendered upon the bill—it was amendable on motion, by the
county court; and must consequently be here corrected at the
costs of the plaintiff in error. In other respects, the judgment is
unobjectionable.